The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA HERNANDEZ, parent and natural guardian of N.G.H., a minor,<br><br>Plaintiff,<br><br>v.<br><br>KINDERCARE LEARNING CENTERS LLC, a foreign limited liability company,<br><br>Defendant. | NO. 26-cv-02539-RSL<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

This matter comes before the Court on plaintiff's motion to remand. Dkt. 13. Defendant KinderCare Learning Centers LLC removed this action from King County Superior Court based on diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff does not dispute that complete diversity exists but contends that the amount in controversy does not exceed $75,000.

As a preliminary matter, the Court previously directed defendant to amend its notice of removal to adequately allege the minor plaintiff's citizenship. Dkt. 22. Defendant's Second Amended Notice of Removal, Dkt. 23, alleges that N.G.-H. was domiciled in Washington both when the action commenced and when it was removed. It also identifies the citizenship of defendant's members, establishing that defendant is a citizen of Delaware and Oregon. The Court concludes that defendant has adequately cured the deficiencies in its jurisdictional allegations and established complete diversity of citizenship.

The remaining question is whether the amount in controversy exceeded $75,000 at the time of removal. Where the amount in controversy is not apparent from the complaint, the removing defendant bears the burden of establishing by a preponderance of the evidence that the jurisdictional threshold is satisfied. *Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 416 (9th Cir. 2018). Here, plaintiff's July 16, 2026 Statement of Damages, served one day before removal, identified $8,168.20 in special damages and $150,000 in general damages, for a total of $158,168.20. Dkt. 17-1. Although plaintiff characterized those figures as preliminary estimates, they represented counsel's then-current good-faith valuation of the claims. Moreover, plaintiff's earlier prelitigation settlement demand of $308,168.20 provides additional evidence that the amount in controversy exceeded the

jurisdictional threshold. Dkt. 17-2. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

The Court therefore concludes that defendant has established by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. Plaintiff's subsequent amendment limiting her recovery to $74,999.99 does not divest the Court of jurisdiction that was properly established at removal. *Chavez*, 888 F.3d at 416–17.

For the foregoing reasons, plaintiff's motion to remand (Dkt. 13) is DENIED.

DATED this 16th day of November, 2026.

Robert S. Lasnik
United States District Judge